1056

UNITED BANK OF BELVIDERE, Plaintiff-Appellant, v. DENNIS W. HARNISH *et al.*, Defendant-Appellee.

Second District   No. 84—0689

Opinion filed August 27, 1985.

Theodore Liebovich and Linda Bumann Kream, both of Liebovich & Gaziano, of Rockford, for appellant.

Curtis R. Tobin II, of Johnson, Tobin & Ramon, of Belvidere, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

This was an action for conversion brought by the plaintiff, United Bank of Belvidere, against the defendant, McLay Grain Company, seeking to recover $11,416 based upon defendant's purchase of corn from Dennis Harnish. Plaintiff alleged that it held a security interest in the corn and, therefore, the purchase price should have been paid directly to it. The first two counts of plaintiff's complaint, which sought money damages against Dennis and Susan Harnish, were stayed when the Harnishes filed for bankruptcy and are not before this court. Following a bench trial on the third count, the circuit court of Boone County entered judgment for defendant on July 11, 1984. Plaintiff thereafter filed this appeal.

The Harnishes' farming operation had been financed by plaintiff

since 1966 or 1967. On February 26, 1982, the Harnishes executed a promissory note for a $150,000 line of credit and a second promissory note and security agreement in the amount of $53,327.94. Both agreements listed collateral as:

"All crops in bin or stored in commercial elevator. All crops growing or to be grown, all machinery now owned and hereafter acquired."

On February 23, 1978, financing statements covering "crops and grain" at specific locations in Boone and Winnebago counties were filed in both counties. On January 17, 1983, continuation filings were filed in both counties.

On November 27 and November 29, 1982, defendant purchased a total of 5503.75 bushels of corn from Dennis Harnish. Defendant issued a check in Harnish's name alone for $11,426.15 as payment for the corn. Harnish did not turn over the check or its proceeds to plaintiff.

While plaintiff raises numerous issues on appeal, we need not address these issues because we find that plaintiff's alleged security interest never "attached" to the corn purchased by defendant and was, therefore, unenforceable against defendant.

Section 9—203(l) of the Illinois Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 9—203(1)) sets forth the requirements for attachment and states in relevant part:

"(l) ***, a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless

(a) *** the debtor has signed a security agreement which contains a description of the collateral and in addition, *when the security interest covers crops growing or to be grown or timber to be cut, a description of the land concerned;* and

(b) value has been given; and

(c) the debtor has rights in the collateral." (Emphasis added.)

It is undisputed in the instant case that plaintiff's security agreement attempted to cover crops growing or to be grown, but did not include any description of the land concerned. Plaintiff argues, however, that its security interest did attach to the Harnishes' corn after it was harvested because at that point it was no longer "growing" and the real estate description requirement of section 9—203(l) was no longer applicable. Plaintiff relies primarily on *In re Roberts* (Bankr. Kan. 1984), 38 Bankr. 128, for his argument.

In *Roberts* the court addressed the analogous question of perfec-

tion and held that the creditor's financing statement did not perfect its security interest in the debtor's crops at the time of filing because it did not contain a description of the land concerned. The court held, however, that the security interest did become perfected when the crops were harvested because at that point the crops were no longer "growing" but had simply become one form of a "farm product," which did not require a description of the land concerned to be perfected. The creditor's financing statement in *Roberts* specifically listed "all farm products" as collateral. Accord, *Genoa National Bank v. Sorensen* (1981), 208 Neb. 423, 304 N.W.2d 659.

We need not decide whether to adopt the rationale of *Roberts* in the present case, however, because unlike *Roberts*, there is no language in plaintiff's security agreements granting it a security interest in any harvested crops or farm products. Plaintiff's security agreement covered only "crops in bin or stored in commercial elevators." Plaintiff presented no evidence that the corn purchased by defendant had ever been "in bin or stored in [a] commercial elevator." To the contrary, it appears from the record that Harnish harvested the corn and took it immediately to defendant for sale. Therefore, since plaintiff's security agreement failed to describe properly the corn which Dennis Harnish sold to defendant, its security interest did not attach to the corn under section 9—203(l) and is unenforceable against defendant in this case.

For the reasons set forth above, the judgment of the circuit court of Boone County is affirmed.

Affirmed.

HOPF and REINHARD, JJ., concur.